JOHN C. STEIN (SBN 39417)
THE BOCCARDO LAW FIRM, INC.
ATTORNEYS AT LAW
84 W Santa Clara Street, Suite 700
San Jose, CA 95113
Telephone:    408.298.5678
Email:        jstein@boccardo.com

JUSTIN CHOU (SBN 279137)
COMMINS, KNUDSEN & CHOU, P.C.
492 9th Street, Suite 200
Oakland, CA 94607
Telephone:    510.823.2208
Email:        justin@commins.com

Attorneys for Plaintiffs
EDWARD M. LOPEZ, individually and
CYNTHIA J. LOPEZ, individually

TODD A. ROBERTS (SBN 129722)
ALEXANDRIA C. CARRAHER (SBN  299258)
ISABELLA S. GODINHO (SBN 353696)
ROPERS MAJESKI PC
535 Middlefield Road, Suite 245
Menlo Park, CA  94025
Telephone:    650.364.8200
Email:        todd.roberts@ropers.com
              alexandria.carraher@ropers.com
              isabella.godinho@ropers.com

Attorneys for Defendant
TEXTRON, INC., a corporation. (also sued erroneously
as "JACOBSEN, A TEXTRON COMPANY, a
corporation)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD M. LOPEZ, individually,<br>CYNTHIA J. LOPEZ, individually,<br><br>Plaintiff,<br><br>v.<br><br>TEXTRON, INC., a corporation; JACOBSEN,<br>A TEXTRON COMPANY, a corporation,<br>DOES 1-50, et al.,<br><br>Defendant. | Case No.: 5:25-cv-01344-NC<br>*[Assigned to the Magistrate Judge<br>Nathanael M. Cousins]*<br><br>[Removed from Santa Clara County<br>Superior Court Case No. 24CV433969]<br><br>**JOINT CASE MANAGEMENT<br>STATEMENT & [PROPOSED] ORDER**<br><br>Date:    May 14, 2025<br>Time:    10:00 a.m.<br>Place:   Via Zoom |

4930-3013-4080.1

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.    Jurisdiction & Service**

The basis for the court's subject matter jurisdiction is 28 U.S.C § 1332, diversity of citizenship. The Court has personal jurisdiction over Defendant, and venue is proper in this Court. Defendant has accepted service of the Complaint and Summons. An Answer was filed in State Court prior to removal. No parties remain to be served.

**2.    Facts**

On March 27, 2024, EDWARD M. LOPEZ and CYNTHIA J. LOPEZ (hereinafter "Plaintiffs") filed a civil Complaint for Damages against TEXTRON, INC. in the Santa Clara County Superior Court, Case No. 24CV433969. The Complaint alleges causes of action for products liability, general negligence, and loss of consortium on behalf of Plaintiff CYNTHIA J. LOPEZ in connection with personal injuries sustained by Plaintiff EDWARD M. LOPEZ.

The action alleges Plaintiff EDWARD M. LOPEZ sustained personal injuries while riding a Jacobsen HR 9016 Turbo Diesel 4-wheel drive riding lawn mower while working for the City of San Jose as a grounds worker. Plaintiff alleges he was operating the Jacobsen riding lawn mower while performing his job in Townsend Park, San Jose, California, when the canopy of the mower fell directly onto him, injuring his neck and back. Defendant asserts that it did not design or manufacture the canopy that Plaintiff contends fell on him: Plaintiff disputes this, noting City of San Jose records that indicate that the purchase invoice from Defendant Textron included canopies.

Plaintiff alleges the injuries resulted in a C2-4 laminectomy performed by neurosurgeon Dr. Scott Berta on May 17, 2023, and the need for other past and future medical care. He also alleges past and future pain and suffering, wage loss, and loss of earning capacity. Plaintiff CYNTHIA J. LOPEZ alleges loss of consortium damages.

Plaintiffs allege that TEXTRON, INC. negligently and carelessly, designed, manufactured, tested, assembled and placed into commerce a riding lawn mower with a defective canopy that

4930-3013-4080.1

caused injuries to Plaintiff. Defendant asserts that repair records produced by the City of San Jose reflect that the original canopy was replaced in July 2021 because it was "badly cracked" and a new canopy was installed. Defendant denies designing, manufacturing or installing the canopy that Plaintiff contends fell on him.

### 3.    Legal Issues

The Complaint filed in this matter includes causes of action for products liability, general negligence, and loss of consortium. Plaintiffs' claimed damages include past and future wage loss and loss of earning capacity, future medical expenses, and past and future non-economic damages. Defendant Textron denies responsibility for any harm, injury or damage caused by the lawn mower to Plaintiffs. It asserts defenses including misuse of the product, assumption of risk, fault and comparative fault, and disputes the amount of damages and the degree of responsibility for damages, if any. It claims the canopy and fan assembly were not manufactured, designed, sold, distributed, maintained or assembled by Textron. Textron denies that it was negligent in any way as it relates to the accident.

### 4.    Motions

There have been no prior motions aside from the removal of this matter from state court. There are no motions pending. Plaintiffs have requested that Defendant Textron stipulate to permit the filing of a First Amended Complaint to correct inaccurate factual allegations in the original Complaint. Defendant Textron has indicated that it will stipulate to an amendment for the limited purpose of amending the existing allegations concerning the canopy coming into contact with a tree limb. Defendant is awaiting Plaintiffs' proposed stipulation and proposed First Amended Complaint.

### 5.    Amendment to Pleadings

Plaintiffs have requested that Defendant Textron stipulate to permit the filing of a First Amended Complaint to correct inaccurate factual allegations in the original Complaint. Defendant Textron has indicated that it will stipulate to an amendment for the limited purpose of amending the existing allegations concerning the canopy coming into contact with a tree limb. Defendant is awaiting Plaintiffs' proposed stipulation and proposed First Amended Complaint. Defendant

4930-3013-4080.1

anticipates that a further party or parties may need to be added to the suit, being the company that designed, manufactured, supplied and/or installed the replacement canopy. Defendant is conducting further investigation in this regard.

**6.    Evidence Preservation**

Plaintiffs, Defendant and their respective Counsel have reviewed the ESI Guidelines and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and appropriate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures**

Initial Disclosures are due today, May 7, 2025. Plaintiffs served their Initial Disclosures on May 7, 2025. Defendant requested, and Plaintiffs granted, an extension for Defendant to respond to Initial Disclosures. Defendant's disclosures are now due on May 12, 2025.

**8.    Discovery**

Initial Disclosures are due today, May 7, 2025. Plaintiffs served their Initial Disclosures. Defendant requested, and Plaintiff granted, an extension for Defendant to respond to Initial Disclosures. Defendant's disclosures are now due on May 12, 2025.

Plaintiffs and Defendant have been cooperating with respect to discovery requests.

Defendant served Interrogatories and document demands in the state court action which Plaintiffs responded to. After meeting and conferring, Plaintiffs agreed to supplement their discovery responses by providing more thorough responses during Federal Court initial disclosure. Plaintiffs subsequently provided Plaintiff EDWARD M. LOPEZ's medical records which were requested by Defendant. Defendant is assessing the records produced to determine whether any other documents remain outstanding.

Plaintiff served Interrogatories in the state court action which Defendant responded to. Plaintiff then served a further set of Interrogatories, Requests for Admissions and Requests for Production of documents in the state court action. The further set was not responded to prior to the removal to Federal Court.

The parties anticipate the following depositions: Plaintiffs EDWARD M. LOPEZ and CYNTHIA J. LOPEZ, persons most knowledgeable at third-party City of San Jose regarding the

- 4 -

subject lawnmower and replacement of the canopy, and persons most knowledgeable at Defendant Textron regarding the design, manufacture, and distribution of the subject lawnmower.

The parties anticipate that written discovery can be completed in six months (before or around November 2025 and that deposition discovery can be completed in nine months (before or around February 2026).

**9.    Class Actions**

This matter is not a class action.

**10.    Related Cases**

There are no related cases to this matter.

**11.    Relief**

The prayer for relief seeks compensatory damages according to proof for personal injury and loss of consortium. On December 4, 2024, Third Party City of San Jose filed a lien for Worker's Compensation benefits paid in the amount of $111,134.14. Here, Defendant is informed that the damages asserted by Plaintiffs, exclusive of interest and costs, well exceed $75,000, although Defendant denies responsibility for any such damages.

**12.    Settlement and ADR**

Both parties are open to mediation. A mediation has not yet been scheduled.

**13.    Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

At this time, the parties are not aware of any action needed by the court to narrow the issues.

**15.    Expedited Trial Procedure**

The parties do not believe that the present matter can be handled under the Expedited Trial Procedure.

**16.    Scheduling**

Mediation: By December 31, 2025

4930-3013-4080.1

JOINT CASE MANAGEMENT STATEMENT
CASE NO.: 5:25-CV-01344-NC

1    Fact Discovery Cut Off: February 27, 2026

2    Expert Discovery Cut Off: April 30, 2026

3    Pre-Trial Conference: July 27, 2026

4    Trial: August 17-21, August 24-25, 2026

5    **17.    <u>Trial</u>**

6    Both parties request a jury trial. The parties estimate between 5-7 days for both sides to put

7    on their cases.

8    **18.    <u>Disclosure of Non-party Interested Entities or Persons</u>**

9    The parties have filed their respective certifications: they are unaware of any non-party

10    interested person or entity. Defendant has also filed a Certificate of Interested Entities. Defendant

11    now anticipates that a further party or parties may need to be added to the suit, being the company

12    that designed, manufactured, supplied and/or installed the replacement canopy. Defendant is

13    conducting further investigation in this regard.

14    **19.    <u>Professional Conduct</u>**

15    All counsel for the parties have reviewed the Guidelines for Professional Conduct for the

16    Northern District of California, and agree to conduct themselves in compliance with said

17    Guidelines.

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

4930-3013-4080.1

1

**20.**   <u>Other</u>

2       The parties are not aware of any other matters which need to be brought to the attention

3   of the Court at this time.

4

5

6   Dated: May <u>7</u>, 2025                    COMMINS, KNUDSEN & CHOU, P.C.

7

8                                            By: _____

9                                            JUSTIN CHOU
                                             Attorneys for Plaintiffs
10                                           EDWARD M. LOPEZ, individually and
                                             CYNTHIA J. LOPEZ, individually

11

12  Dated: May 7, 2025                       ROPERS MAJESKI PC

13

14                                           By: _____

15                                           TODD A. ROBERTS
                                             ALEXANDRIA C. CARRAHER
16                                           ISABELLA S. GODINHO
                                             Attorneys for Defendant
17                                           TEXTRON, INC., a corporation. (also sued
                                             erroneously as "JACOBSEN, A
18                                           TEXTRON COMPANY, a corporation)

19

20

21

22

23

24

25

26

27

28

4930-3013-4080.1

JOINT CASE MANAGEMENT STATEMENT
CASE NO.: 5:25-CV-01344-NC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:_____

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

4930-3013-4080.1

- 8 -