John C. Stein (CSBN 39417)
**THE BOCCARDO LAW FIRM**
84 W. Santa Clara Street, Suite 700
San Jose, CA 95113
Tel (408) 298-5678
jstein@boccardo.com

David H.S. Commins (CSBN 124205)
Justin Chou (CSBN 279137)
**COMMINS, KNUDSEN & CHOU, P.C.**
492 9th Street, Suite 200
Oakland, CA 94607
Tel (510) 823-2208
david@commins.com
justin@commins.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD M. LOPEZ, individually, CYNTHIA J. LOPEZ, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> TEXTRON, INC., a corporation; JACOBSEN, A TEXTRON COMPANY, a corporation; R&R PRODUCTS, INC., a corporation; COOLTOPS, INC., a corporation; DOES 1-50, et al., <br><br> Defendants. | Case No.: 5:25-CV-01344-NC <br><br> FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL <br><br> AMOUNT IN CONTROVERSY EXCEEDS $35,000 |

## I. PARTIES

1. Plaintiffs Edward M. Lopez and Cynthia J. Lopez reside in the city of San Jose, Santa Clara County, State of California. Plaintiff Edward M. Lopez was an employee of the City of San Jose (CSJ) working in the capacity as a park maintenance person/mower operator on June 6, 2022. Plaintiff Edward M. Lopez was married to and is the husband of Cynthia J. Lopez. Both parties are residents of

the City of San Jose, Santa Clara County, State of California and at all times during this litigation were husband and wife.

2. Defendant Textron Inc., a corporation, was the owner of Jacobsen, a Textron company (Jacobsen), a corporation, and was the designer, manufacturer and seller of a model HR 9016 Turbo diesel four-wheel-drive riding lawn mower. CSJ identified this piece of equipment as number 19118. Textron, Inc. is organized under the laws of the State of Rhode Island, and its principal place of business is Providence, Rhode Island.

3. R&R Products, Inc., a corporation, was a manufacturer of a "Cool Tops" canopy which was supplied to Textron, Inc. for use by operators of the HR 9016T riding lawn mower in order to provide operators of the riding lawnmower shade from direct sun exposure. Upon information and belief, the R&R "Cool Tops" canopy was installed on the Jacobsen HR 9016T, CSJ number 19118 at the time of this incident. R&R Products, Inc. is organized under the laws of Arizona with its principal place of business in Tucson, Arizona.

4. CoolTops, Inc., a corporation, is a manufacturer and supplier of canopies with fans. CoolTops is organized under the laws of North Carolina with its principal place of business in Warsaw, North Carolina.

5. This court is the proper court for this litigation because the injury occurred to the plaintiff Edward M. Lopez within the CSJ district area.

6. California Workers' Compensation law, and specifically Labor Code §3852, acknowledges that the employer (CSJ) has a right to subrogation of any Workers' Compensation benefits paid to plaintiff which arises under Labor Code §3852. Under Labor Code §3853, plaintiffs have given notice of their intention to file litigation against third parties they believe are responsible for their injuries. CSJ has declined to intervene into this litigation and has filed a lien claiming over $100,000 in benefits paid to its employee Edward M. Lopez.

## II. FACTS OF THE INCIDENT

7. On or about June 6, 2022, plaintiff Edward M. Lopez was an employee of CSJ and was assigned to operate a Jacobsen HR9016 turbo diesel four-wheel-drive riding lawnmower, CSJ identification number 19118, purchased by his employer from defendant Jacobsen. His assignment on

that day was to mow the CSJ public park named Townsend Park within the City of San Jose. Plaintiff was in the process of mowing the grass in the park, and the mower was being used in a manner intended by the defendants, when suddenly and without warning the canopy designed, manufactured and installed by defendants collapsed, striking plaintiff in the head, neck and back, causing severe injury.



Jacobsen Mower, Model HR 9016T, CSJ ID No.: 19118

### III. ALLEGATIONS

First Cause of Action – Products Liability

Product History and Sale to the City of San Jose

8. The City of San Jose has a long and rich history of providing public facilities/parks to the residents of its city. One of the essential duties that must be provided for residents' enjoyment of these parks is maintenance by City employees. CSJ as part of its operations established a fleet operation department in which the employees review, investigate and acquire equipment that will be economical and efficient in maintaining their parks. In 2015, the City put out a "Request for Bid" to manufacturers of commercial lawn mowers. Textron/Jacobsen (Jacobsen) entered its bid to provide equipment specified in the Request for Bid published by the City. Part of that specification included the type of

motor requested, the type of cutting blades requested to fulfill the City's needs, and lastly, a canopy over the operator's operating position to protect the operator from exposure to direct sunlight while performing the job of mowing the City's property. Jacobsen's original design did not include a canopy.

9. The Request for Bid with specifications was answered by Jacobsen, and the company agreed to sell their model HR 9016T, cab model 70542 to CSJ for a fixed price. CSJ accepted Jacobsen's bid in June 2015, including the installation of the canopy on the machine. This machine, per specification, was required to have a rollbar located behind the operator's seat to protect him/her in the event that the lawnmower overturned. Jacobsen had options in the marketplace, and upon information and belief, selected the R&R product entitled "Cool Tops" for inclusion into the design of their machine model HR 9016T, cab model 70542. Jacobsen prepared drawings and instructions for the installation of the canopy product furnished by R&R Products, Inc.

10. Six identical mowers were delivered to CSJ, including number 19118. Each of the defendants knew that the product would be purchased and used without internal inspection for defects.

11. The product was defective when it left the control of the defendants, and the product at the time of injury was being used in a manner intended by the defendants and used in a manner that was reasonably foreseeable by defendants as involving a substantial, not apparent, risk of injury. No warnings of the danger were given by Jacobsen, R&R Products or CoolTops. Improper instructions for the maintenance and service of the product were furnished by defendants.

12. Plaintiff was a foreseeable user of the product.

13. Plaintiff's injury was a legal (proximate) result of the following:

Count one – strict liability of the following defendants who:

a. Designed, manufactured, assembled sold, furnished improper instructions for use of the product: Textron Inc., a corporation, Jacobsen, a Textron Company, R&R Products, Inc., a corporation, CoolTops, Inc., a corporation.

b. Designed, manufactured, assembled and sold the canopy to the manufacturer: Textron Inc., a corporation, Jacobsen, a Textron Company, R&R Products, Inc., a corporation, CoolTops, Inc., a corporation.

c. Sold the product to the public: Textron Inc., a corporation, Jacobsen, a Textron Company, R&R Products, Inc., a corporation, CoolTops, Inc., a corporation.

Count Two – negligence of the following defendants who owed a duty to plaintiff: Textron Inc., a corporation, Jacobsen, a Textron Company, R&R Products, Inc., a corporation, CoolTops, Inc., a corporation.

Count Three – breach of warranty by the following defendants: Textron Inc., a corporation, Jacobsen, a Textron Company, R&R Products, Inc., a corporation, CoolTops, Inc., a corporation.

### Second Cause of Action – Negligence

14. Plaintiffs hereby incorporate by reference all prior paragraphs of this complaint and make those paragraphs a part of this second cause of action as though fully set forth herein.

15. Plaintiff Edward M. Lopez alleges that defendants Textron, Inc., a corporation, Jacobsen, a Textron Company, R&R Products, Inc., a corporation, and CoolTops, Inc., a corporation, were the legal and proximate cause of damages to plaintiff by the following acts or omissions to act. Defendants negligently caused the damages to Edward M. Lopez on or about June 6, 2022 at Townsend Park, city of San Jose, Santa Clara County, State of California. Edward M. Lopez has filed a claim before the Workers' Compensation Appeals Board and is in active litigation in that forum.

16. Upon information and belief, Textron Inc., a corporation, and Jacobsen, a Textron Company, during the calendar year 2015 designed, manufactured, assembled and offered for sale a riding lawn mower model HR 9016T single occupant commercial lawn mower. The original design upon information and belief did not include a canopy overhead of the operator station to protect the operator from direct exposure to the sun. CSJ in 2015 published a Request for Bid from commercial manufacturers and distributors of riding lawn mowers utilized to mow the City's properties. Jacobsen, a Textron Company, submitted a bid for a fixed price that was accepted by the City in 2015. CSJ specifically required that the mowers to be purchased by the City include a canopy to be installed on the machine to protect the operators from direct sun exposure while performing their mowing duties.

17. Jacobsen accepted the City's specifications and provided an HR 9016T, cab model 70542, with canopy, in response to the City's bid. Six identical mowers were delivered to CSJ in August 2015.

They were inspected to ensure that all equipment requested in the specifications was complied with. The City accepted the mowers. CSJ identified one of those mowers as 19118.

18. On June 6, 2022, Edward M. Lopez was operating Jacobsen mower 19118 at Townsend Park in the City of San Jose in a foreseeable manner and was a foreseeable user of the product which was defective when it left the control of the defendants and without warning the canopy collapsed on top of Edward M. Lopez while he was operating the mower, which resulted in severe personal injury. No warnings were furnished by defendants, and improper instructions were issued by the defendants with regard to the dangers involved in the design, assembly, and manufacture of the Jacobsen mower 19118, and as a direct and legal (proximate) cause, plaintiff suffered severe personal injury.

19. At all relevant times before and on June 6, 2022 defendants Textron, Inc., a corporation, Jacobsen, a Textron Company, R&R Products, Inc., a corporation and CoolTops, Inc., a corporation, negligently and carelessly designed, manufactured, tested, assembled and placed into commerce a riding lawn mower which was designed to mow large sections of parks and City facilities, and was designed with a canopy over the driver's position to shade the driver from sun while operating the riding lawn mower. While plaintiff Edward M. Lopez was operating the riding lawn mower in Townsend Park in the City of San Jose, he was performing his job as a mower operator when the canopy over his head broke loose and fell directly on top of them, injuring his head, neck and back. The defendants, and each of them, designed, manufactured, and distributed the canopy with a support system which was inadequate to resist the foreseeable use of the canopy, and as a result the canopy connections to the rollbar failed, striking plaintiff, resulting in serious personal injuries. The defendants, and each of them, knowing full well that workers would be using the riding lawn mower in the fashion that plaintiff was using it on the day of the accident, failed to provide an appropriate design and manufacture of the canopy which resulted in the failure of its connection to the rollbar on the day of the accident, causing serious personal injuries to plaintiff Edward M. Lopez.

20. That for some time prior to June 6, 2022, defendants Textron Inc., a corporation, Jacobsen, a Textron Company, R&R Products, Inc., a corporation and CoolTops, Inc., a corporation, inclusive, and each of them, negligently and carelessly designed, manufactured, assembled, distributed, maintained and sold said products to plaintiff's employer.

21. That as a direct and legal (proximate) result of the negligence and carelessness of defendants, and each of them, including but not limited to their design, manufacture, assembly, distribution, service, maintenance and sale of said product, plaintiff Edward M. Lopez was caused to sustain serious injury.

22. Pursuant to Labor Code §3852, Edward M. Lopez is empowered to file a lawsuit against any third parties who may be responsible for sustaining injury while in the course of his employment. In addition, the City of San Jose, his employer, is entitled to seek reimbursement for all workers' compensation benefits paid to Edward M. Lopez by way of its own independent action or by way of intervening in this action to obtain subrogation from the defendants named herein.

Third Cause of Action – Loss of Consortium

23. Plaintiff Cynthia J. Lopez alleges that defendants Textron Inc., a corporation, Jacobsen, a Textron Company, R&R Products, Inc., a corporation, and CoolTops, Inc., a corporation, were the legal (proximate) cause of damages to her husband, plaintiff Edward M. Lopez. By the following acts or omissions to act, defendants supplied a defective product into the chain of commerce and negligently caused the damage to plaintiff on or about June 6, 2022 at Townsend Park, City of San Jose, County of Santa Clara, State of California.

24. Plaintiff's Edward M. Lopez and Cynthia J. Lopez incorporate herein by this reference all allegations of the first and second causes of action to this complaint as though set forth at length.

25. At all times relevant herein, plaintiffs Edward M. Lopez and Cynthia J. Lopez were and now are husband and wife.

26. Prior to his injury, plaintiff Cynthia J. Lopez's spouse Edward M. Lopez was able to and did perform his duties as a spouse, act is a companion to his wife and enjoyed many social and physical activities together. Subsequent to his injury, Edward M. Lopez has been unable to perform the work and services usually performed by him in the care, maintenance, and management of their family home and can longer provide the companionship to his wife and enjoy their social and physical activities that they shared prior to his injury. Further, Edward M. Lopez will be unable to perform such work and services, provide such companionship, and share such social and physical activities with his wife in the future.

27. As a further, direct and proximate result of the negligence and defective design of defendants' product, and each of them, and the injuries to her spouse, Plaintiff Cynthia J. Lopez has been deprived and will continue to be deprived of the consortium of her spouse, all to her damage according to proof at trial.

## IV. PRAYER FOR RELIEF

THEREFORE, Plaintiffs pray for judgment against Defendants as follows:

a. For general (non-economic) damages according to proof;

b. For special (economic) damages according to proof;

c. For costs of suit incurred herein;

d. For prejudgment interest as permitted by law; and

e. For such other and further relief as the Court may deem proper.

DATED: August 4, 2025                    THE BOCCARDO LAW FIRM, INC.

                                         BY: _John C. Stein_____
                                             JOHN C. STEIN
                                             Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED: August 4, 2025                    THE BOCCARDO LAW FIRM, INC.

                                         BY: _John C. Stein_____
                                             JOHN C. STEIN
                                             Attorneys for Plaintiffs

**PROOF OF SERVICE**

I, the undersigned, declare:

I am now and at all times herein mentioned over the age of eighteen years and not a party to the within action or cause. My business address is 84 W. Santa Clara Street, Suite 700, San Jose, California 95113. On __8.4.25__, I served a copy of the attached **FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on the parties to this action by placing a true copy thereof in a sealed envelope addressed to:

| | |
|---|---|
| Todd A. Roberts (SBN 129722)<br>Alexandria C. Carraher (SBN 299258)<br>Isabella S. Godinho (SBN 353696)<br>Ropers Majeski, PC<br>535 Middlefield Road, Suite 245<br>Menlo Park, CA 94025<br>Ph: 650-364-8200<br>Fax: 650-780-1701<br>todd.roberts@ropers.com<br>alexandria.carraher@ropers.com<br>isabella.godinho@ropers.com<br>*Attorneys for Defendant*<br>*TEXTRON, INC., a corporation. (also sued erroneously as "JACOBSEN, A TEXTRON COMPANY, a corporation)* | David H.S. Commins (SBN 124205)<br>Justin Chou (SBN 279137)<br>Commins, Knudsen & Chou, P.C.<br>492 9th Street, Suite 200<br>Oakland, CA 94607<br>Ph: 510-823-2208<br>Fax: 916-530-2294<br>david@commins.com<br>justin@commins.com<br>*Co-Counsel for Plaintiffs* |

(__)  (BY MAIL). I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at San Jose, California, following ordinary business practices. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service; this correspondence would be deposited with the United States Postal Service on the above date in the ordinary course of business.

(__)  (BY PERSONAL SERVICE). I caused each such envelope to be delivered by hand to the addressee(s) noted.

(__)  (BY FACSIMILE). I caused the said document to be transmitted by facsimile machine to the number indicated after the address(es) noted.

(__)  (BY OVERNIGHT DELIVERY). I caused said envelope to be delivered by Overnight next day delivery in accordance with CCP §1013(c).

(XX)  (BY EMAIL OR ELECTRONIC TRANSMISSION). Based on a Court order or an agreement of the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from email address **jen@boccardo.com** to the persons at the email addresses listed above in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __8.4.25__, at San Jose, California.

_____
JENNIFER HOLTZER