TODD A. ROBERTS (SBN 129722)
ALEXANDRIA C. CARRAHER (SBN 299258)
HAYDEN W. FREDRICK (SBN 357272)
ROPERS MAJESKI PC
535 Middlefield Road, Suite 245
Menlo Park, CA  94025
Telephone:     650.364.8200
Facsimile:     650.780.1701
Email:         todd.roberts@ropers.com
               alexandria.carraher@ropers.com
               hayden.fredrick@ropers.com

Attorneys for Defendant and Cross-Claimant TEXTRON, INC., a corporation. (also sued erroneously as "JACOBSEN, A TEXTRON COMPANY, a corporation)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD M. LOPEZ, individually, CYNTHIA J. LOPEZ, individually,<br><br>Plaintiffs,<br><br>v.<br><br>TEXTRON, INC., a corporation; JACOBSEN, A TEXTRON COMPANY, a corporation, DOES 1-50, et al.,<br><br>Defendants. | Case No.: 5:25-cv-01344-NC<br>*[Assigned to the Magistrate Judge Nathanael M. Cousins]*<br><br>[Santa Clara County Superior Court Action No. 24CV433969]<br><br>**DEFENDANT AND CROSS-CLAIMANT TEXTRON, INC.'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND CROSS-CLAIM AGAINST ADDITIONAL DEFENDANTS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed:  March 27, 2024 |
| TEXTRON, INC., a corporation,<br><br>Cross-Claimant,<br><br>v.<br><br>FLEET BODYWORX, INC.; COOL TOPS, INC., a division of Accu Form Polymers; and Roes 1-20, inclusive,<br><br>Cross-Defendants. | |

- 1 -

4926-1850-4279.1

DEFENDANT AND CROSS-CLAIMANT TEXTRON, INC.'S AMENDED ANSWER TO COMPLAINT
AND CROSS-CLAIM AGAINST ADDITIONAL DEFENDANTS
CASE NO.: 5:25-CV-01344-NC

Defendant and Cross-Claimant TEXTRON, INC. (also sued erroneously as "JACOBSEN, A TEXTRON COMPANY, a corporation) ("Defendant") hereby amends its answer to Plaintiffs EDWARD M. LOPEZ and CYNTHIA J. LOPEZ's ("Plaintiffs") Complaint as follows:

1. As to paragraph 8, Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations concerning the location of the injury, or the other bases asserted by Plaintiffs to support that the Santa Clara Superior Court was the proper court for purposes of jurisdiction, and on that basis, denies each and every allegation contained therein. Defendant contends that this Court is proper for purposes of jurisdiction because of diversity and amount in controversy.

2. As to paragraph 11, Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations and on that basis, denies each and every allegation contained therein.

3. As to paragraph 14, Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations and on that basis, denies each and every allegation contained therein.

4. As to the first cause of action – Products Liability, in the Attachment to the Complaint, at page 4 of 7, Defendant denies that it was the legal or proximate cause of any injury. Further, as to the first cause of action – Products Liability, in the Attachment to the Complaint, at page 4 of 7, Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations at Prod L-1, concerning the date and product allegedly causing injury, and on that basis, denies each and every allegation contained therein. Defendant further contends on information and belief that the injury at issue in this case was not caused by the Jacobson Mower, Model No. HR9016, but instead was caused by modifications and improper repairs by the City of San Jose Works Department and/or by Fleetworks, Inc., a third-party repair shop that worked on the canopy at issue in this case. Defendant is further informed and believes that canopy component that allegedly failed was manufactured by Cool Tops, Inc. Defendant further contends on information and belief that the mower and its component canopy was improperly used and maintained by the

- 2 -

4926-1850-4279.1

DEFENDANT AND CROSS-CLAIMANT TEXTRON, INC.'S AMENDED ANSWER TO COMPLAINT
AND CROSS-CLAIM AGAINST ADDITIONAL DEFENDANTS
CASE NO.: 5:25-CV-01344-NC

City, which caused the alleged injury and damage in this case.

5. As to the first cause of action – Products Liability, in the Attachment to the Complaint, at page 4 of 7, Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations at Prod L-2 and on that basis, denies each and every allegation contained therein.

6. As to the first cause of action – Products Liability, in the Attachment to the Complaint, at page 4 of 7, Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations at Prod L-3 and on that basis, denies each and every allegation contained therein.

7. As to the first cause of action – Products Liability, in the Attachment to the Complaint, at page 4 of 7, Defendant denies the allegations at Prod L-4. Defendant is informed and believes that the original canopy was manufactured by Cool Tops, Inc. Defendant is further informed and believes that the City of San Jose and Fleet Works, Inc. modified, repaired, and/or replaced the Cool Tops canopy and its component parts and connection to the mower itself.

8. As to the first cause of action – Products Liability, in the Attachment to the Complaint, at page 4 of 7, as to the truth of the allegations at Prod L-5, Defendant denies each and every allegation contained therein.

9. As to the first cause of action – Products Liability, in the Attachment to the Complaint, at page 4 of 7, as to the truth of the allegations at Prod L-6, Defendant denies each and every allegation contained therein.

10. As to the first cause of action – Products Liability, in the Attachment to the Complaint, at page 4 of 7, as to the truth of the allegations at Prod L-7, Defendant denies each and every allegation contained therein.

11. As to the second cause of action – Negligence, in the Attachment to the Complaint, at page 5 of 7, Defendant denies that it was the legal or proximate cause of any injury. Further, As to the second cause of action – Negligence, in the Attachment to the Complaint, at page 5 of 7, as to the truth of the allegations at para. a., Defendant lacks information or belief sufficient to form a

- 3 -

4926-1850-4279.1

DEFENDANT AND CROSS-CLAIMANT TEXTRON, INC.'S AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIM AGAINST ADDITIONAL DEFENDANTS
CASE NO.: 5:25-CV-01344-NC

belief as to the truth of the allegations and on that basis, denies each and every allegation contained therein.

12. As to the second cause of action – Negligence, in the Attachment to the Complaint, at page 5 of 7, as to the truth of the allegations at para. b., Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations and on that basis, denies each and every allegation contained therein.

13. As to the second cause of action – Negligence, in the Attachment to the Complaint, at page 5 of 7, as to the truth of the allegations at para. c., Defendant denies each and every allegation contained therein.

14. As to the second cause of action – Negligence, in the Attachment to the Complaint, at page 5 of 7, as to the truth of the allegations at para. d., Defendant denies that it was negligent. As to the remaining allegations, Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations and on that basis, denies each and every allegation contained therein.

15. As to the second cause of action – Negligence, in the Attachment to the Complaint, at page 6 of 7, as to the truth of the allegations at para. e., Defendant denies each and every allegation contained therein.

16. As to the second cause of action – Negligence, in the Attachment to the Complaint, at page 6 of 7, as to the truth of the allegations at para. f., Defendant denies each and every allegation contained therein.

17. As to the second cause of action – Negligence, in the Attachment to the Complaint, at page 6 of 7, as to the truth of the allegations at para. g., Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations and on that basis, denies each and every allegation contained therein.

18. As to the second cause of action – Negligence, in the Attachment to the Complaint, at page 6 of 7, as to the truth of the allegations at para. h., Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations and on that basis, denies each and every allegation contained therein.

4926-1850-4279.1

DEFENDANT AND CROSS-CLAIMANT TEXTRON, INC.'S AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIM AGAINST ADDITIONAL DEFENDANTS
CASE NO.: 5:25-CV-01344-NC

19. As to the third cause of action – Loss of Consortium, in the Attachment to the Complaint, at page 7 of 7, Defendant denies that it was the legal or proximate cause of any injury.

20. As to the third cause of action – Loss of Consortium, in the Attachment to the Complaint, at page 7 of 7, as to the truth of the allegations at para. a., Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations and on that basis, denies each and every allegation contained therein.

21. As to the third cause of action – Loss of Consortium, in the Attachment to the Complaint, at page 7 of 7, as to the truth of the allegations at para. b., Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations and on that basis, denies each and every allegation contained therein.

22. As to the third cause of action – Loss of Consortium, in the Attachment to the Complaint, at page 7 of 7, as to the truth of the allegations at para. c., Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations and on that basis, denies each and every allegation contained therein.

23. As to the third cause of action – Loss of Consortium, in the Attachment to the Complaint, at page 7 of 7, as to the truth of the allegations at para. d., Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations and on that basis, denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**[Failure to State a Claim]**

24. This answering Defendant alleges the Complaint and to each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

**[Misuse of Product]**

25. This answering Defendant alleges that Plaintiff Edward M. Lopez, his employer, the City of San Jose Public Works Department, and Fleet Works, Inc. modified, repaired, and/or

- 5 -

4926-1850-4279.1

DEFENDANT AND CROSS-CLAIMANT TEXTRON, INC.'S AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIM AGAINST ADDITIONAL DEFENDANTS
CASE NO.: 5:25-CV-01344-NC

1  misused the Jacobsen riding mower and replaced and modified component parts and such misuse,
2  repairs, and modifications, proximately caused the damages about which Plaintiffs complain.

### THIRD AFFIRMATIVE DEFENSE

### [Assumption of Risk]

26. This answering Defendant alleges that Plaintiff Edward M. Lopez knew that there was a risk of injury inherent in his use of the Jacobsen riding mower in the course of his employment and voluntarily assumed the risk of harm. Further, Plaintiff Edward Lopez and his employer knew that there was risk of injury inherent in repairing and modifying the canopy and in failing to maintain, repairing and modifying, and abusing the mower, and they voluntarily assumed the risk of harm in this case.

### FOURTH AFFIRMATIVE DEFENSE

### [No Defect]

27. This answering Defendant alleges, on information and belief, that subject Jacobsen riding mower was substantially changed or modified, or was not properly inspected or maintained on a regular basis, and there was no inherent defect in the product as designed, manufactured, or sold by Jacobson.

### FIFTH AFFIRMATIVE DEFENSE

### [Comparative Fault]

28. This answering Defendant alleges that Plaintiffs, the City, Fleetbody Works, Inc., and Cool Tops, Inc., were careless and negligent in and about the matters alleged in the Complaint on file herein and that said carelessness and negligence on their own part contributed as a proximate cause to the happening of the incident and to the injuries, loss and damage complained of herein. Defendant is entitled to have the amount thereof abated, reduced or eliminated to the extent that Plaintiffs', the City's, Fleetbody Work's, Cool Tops', and other third parties' negligence caused or contributed to their injuries, if any.

///

///

- 6 -

4926-1850-4279.1

DEFENDANT AND CROSS-CLAIMANT TEXTRON, INC.'S AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIM AGAINST ADDITIONAL DEFENDANTS
CASE NO.: 5:25-CV-01344-NC

**SIXTH AFFIRMATIVE DEFENSE**

**[Employer Fault]**

29. This answering Defendant alleges that Plaintiffs' injuries, if any, were caused in whole or part due to the acts and omissions of Plaintiff Edward Lopez's employer, the City of San Jose, including but not limited to failing to properly train plaintiff in the proper and safe use of the Jacobsen riding mower, failing to property inspect, maintain, and repair the mower and its component parts, which caused the injury and damage complained of.

**SEVENTH AFFIRMATIVE DEFENSE**

**[Fault of Others]**

30. This answering Defendant alleges that the injuries alleged by Plaintiffs were either wholly or in part negligently caused by persons, firms, corporations or entities other than this answering Defendant, and that said negligence is either imputed to Plaintiffs by reason of the relationship of said parties to Plaintiffs and/or said negligence comparatively reduces the percentage of negligence, if any, by this answering Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**[No Direct Right of Action/No Standing]**

31. This answering Defendant alleges that to the extent Plaintiff Edward Lopez asserts a direct right of action under Labor Code section 3852, he lacks standing to assert such a claim, which creates no direct right of action to employees or their spouses.

**NINTH AFFIRMATIVE DEFENSE**

**[Waiver/Estoppel]**

32. This answering Defendant alleges that Plaintiffs have waived and are estopped and barred from alleging the matters set forth in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**[Unclean Hands]**

33. This answering Defendant alleges that Plaintiffs claims are barred by the equitable doctrine of unclean hands.

- 7 -

DEFENDANT AND CROSS-CLAIMANT TEXTRON, INC.'S AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIM AGAINST ADDITIONAL DEFENDANTS
CASE NO.: 5:25-CV-01344-NC

4926-1850-4279.1

## ELEVENTH AFFIRMATIVE DEFENSE

### [Due Care]

33. This answering Defendant alleges that Plaintiffs claims are barred because at all times Defendant acted with due care with respect to the conduct alleged in the Complaint, took all appropriate precautions against foreseeable acts or omissions of other persons or entities and the foreseeable consequences thereof and otherwise conducted itself reasonably under the circumstances.

## TWELFTH AFFIRMATIVE DEFENSE

### [No Agency]

34. This answering Defendant alleges that Plaintiffs claims are barred because at all times Defendant acted with due care with respect to the conduct alleged in the Complaint, took all appropriate precautions against foreseeable acts or omissions of other persons or entities and the foreseeable consequences thereof and otherwise conducted itself reasonably under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment in its favor and against the Plaintiffs as follows:

a. That Plaintiffs take nothing by the Complaint herein;

b. That Defendant be dismissed;

c. For costs of suit;

d. That the degree of responsibility for damages, if any, be determined and apportioned in proportion to the comparative fault of others, including the Plaintiffs, the City, Cool Tops, Fleetbody Works, and third-parties; and,

e. For such other and further relief as the court deems just and equitable.

///

///

///

- 8 -

4926-1850-4279.1

DEFENDANT AND CROSS-CLAIMANT TEXTRON, INC.'S AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIM AGAINST ADDITIONAL DEFENDANTS
CASE NO.: 5:25-CV-01344-NC

# CROSS-CLAIM

## JURISDICTION

35. This Court has supplemental jurisdiction over this cross-claim under 28 U.S.C. § 1367 because it arises out of the same transaction and occurrence alleged in the Complaint filed by Plaintiffs EDWARD M. LOPEZ and CYNTHIA J. LOPEZ so as to form a part of the same case or controversy within meaning of Article III of the United States Constitution.

## PARTIES

36. Cross-Claimant TEXTRON, INC., a Delaware corporation and registered and authorized to do business here.

37. Cross-Defendant FLEET BODYWORX, INC. ("FLEET BODYWORX") was at all times mentioned herein doing business in the State of California, County of Santa Clara.

38. Cross-Defendant COOL TOPS, INC. ("COOL TOPS"), a division of Accu Form Polymers, was at all times mentioned herein is doing business in the State of California, County of Santa Clara.

39. Cross-Claimant is unaware of the true names and capacities of Cross-Defendants sued herein as Roes 1 through 20, whether individual, corporate, associate, or otherwise, and therefore sues such Cross-Defendants by these fictitious names. Cross-Claimant will amend its Cross-Complaint to allege the true names and capacities of Roes 1 through 20 when ascertained.

40. Cross-Claimant is informed and believe and thereon allege that each of the fictitiously named Cross-Defendants is responsible in some manner for the facts and circumstances herein alleged and that Cross-Claimants damages were legally caused by such Cross-Defendants or they are otherwise legally obligated to indemnify Cross-Complainant for any potential liability exposure. Each Cross-Defendant was acting within the course and scope of agency, employment or association with the other named Cross-Defendants.

## FIRST CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNITY
### (Against FLEET BODYWORX, INC. and COOL TOPS, INC.)

41. Cross-Claimant re-alleges all of the allegations contained in each preceding

- 9 -

4926-1850-4279.1

DEFENDANT AND CROSS-CLAIMANT TEXTRON, INC.'S AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIM AGAINST ADDITIONAL DEFENDANTS
CASE NO.: 5:25-CV-01344-NC

1  allegation in the Cross-Claim.

2  42. On or about March 27, 2024, Plaintiffs filed their Complaint alleging conduct
3  entitling them to damages arising out of an accident that allegedly occurred on June 6, 2022.

4  43. TEXTRON is entitled to contribution or indemnity from FLEET BODYWORX,
5  COOL TOPS, and Roes 1 through 20, for any liability that may be found to exist from
6  TEXTRON to Plaintiffs in this action, if any.

7  44. The basis for contribution and indemnity is that FLEET BODYWORX, COOL
8  TOPS, and Roes 1 through 20 are alleged to be wholly responsible or responsible in substantial
9  part for the injuries or damages alleged by the Plaintiff in the Complaint.

10 45. Cross-Complainant is also informed and believes that the City of San Jose and
11 Plaintiff Edward Lopez are also wholly responsible or responsible in substantial part for the
12 injuries or damages alleged by the Plaintiff in the Complaint, and at trial the fact finder should
13 allocate responsibility, if any, to the City and to Plaintiff, even if the City's liability is capped
14 given payment by Worker's Compensation.

15 46. Therefore, under general equitable principles and the rules of law governing this
16 action, TEXTRON is entitled to indemnity or, in the alternative, contribution from Cross-
17 Defendants, for their share of the responsibility for the injuries or damages to Plaintiffs as
18 determined by the trier of fact.

**PRAYER**

WHEREFORE, Cross-Claimant prays for judgment against Cross-Defendants, and each of them, as follows:

a. For all attorney's fees, litigation costs and expense, and costs incurred in connection with its defense of this action;

b. Indemnity from any loss or judgment;

c. For costs of suit;

d. For contribution;

e. For reasonable attorney's fees incurred in pursuing this Cross-Complaint; and

- 10 -

4926-1850-4279.1

DEFENDANT AND CROSS-CLAIMANT TEXTRON, INC.'S AMENDED ANSWER TO COMPLAINT
AND CROSS-CLAIM AGAINST ADDITIONAL DEFENDANTS
CASE NO.: 5:25-CV-01344-NC

   f. For such other further relief as may be deemed just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Defendant and cross-claimant TEXTRON demands a trial by jury in the above captioned matter.

Dated: August 4, 2025    ROPERS MAJESKI PC

By: /s/ Alexandria C. Carraher
  TODD A. ROBERTS
  ALEXANDRIA C. CARRAHER
  Attorneys for Defendant and Cross-Claimant TEXTRON, INC., a corporation. (also sued erroneously as "JACOBSEN, A TEXTRON COMPANY, a corporation)

- 11 -

4926-1850-4279.1

DEFENDANT AND CROSS-CLAIMANT TEXTRON, INC.'S AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIM AGAINST ADDITIONAL DEFENDANTS
CASE NO.: 5:25-CV-01344-NC