TODD A. ROBERTS (SBN 129722)
ALEXANDRIA C. CARRAHER (SBN 299258)
HAYDEN W. FREDRICK (SBN 357272)
ROPERS MAJESKI PC
535 Middlefield Road, Suite 245
Menlo Park, CA 94025
Telephone:  650.364.8200
Facsimile:  650.780.1701
Email:  todd.roberts@ropers.com
        alexandria.carraher@ropers.com
        hayden.fredrick@ropers.com

Attorneys for Defendant and Cross-Claimant
TEXTRON, INC., a corporation. (also sued erroneously as "JACOBSEN, A TEXTRON COMPANY, a corporation)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD M. LOPEZ, individually, CYNTHIA J. LOPEZ, individually, <br><br> Plaintiffs, <br><br> v. <br><br> TEXTRON, INC., a corporation; JACOBSEN, A TEXTRON COMPANY, a corporation; R&R PRODUCTS, INC., a corporation; COOLTOPS, INC., a corporation; DOES 1-50, et al., <br><br> Defendants. | Case No.: 5:25-cv-01344-NC <br> *[Assigned to the Magistrate Judge Nathanael M. Cousins]* <br><br> [Santa Clara County Superior Court Action No. 24CV433969] <br><br> **TEXTRON, INC.'S ANSWER TO AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br><br> Action Filed:  March 27, 2024 |
| TEXTRON, INC., a corporation, <br><br> Cross-Claimant, <br><br> v. <br><br> FLEET BODYWORX, INC.; COOL TOPS, INC., a division of Accu Form Polymers; and Roes 1-20, inclusive, <br><br> Cross-Defendants. | |

- 1 -

1    Defendant and Cross-Claimant TEXTRON, INC. (also sued erroneously as "JACOBSEN,
2    A TEXTRON COMPANY, a corporation) ("Defendant") hereby submits its answer to Plaintiffs
3    EDWARD M. LOPEZ and CYNTHIA J. LOPEZ's ("Plaintiffs") Amended Complaint as follows:

4    1.   As to paragraph 1, Defendant is informed and believes that Plaintiffs reside in the
5    city of San Jose, Santa Clara County, State of California. Defendant lacks information or belief
6    sufficient to form a belief as to the truth of the remainder of the allegations and on that basis, denies
7    each and every allegation contained therein.

8    2.   As to paragraph 2, there is no separate entity known as Jacobsen, it is a
9    brand/division within Textron, a Rhode Island Corporation whose principal place of business in in
10   Providence. Textron admits that it sold mowers to the City of San Jose.
11   Defendant lacks information or belief sufficient to form a belief as to how the City of San Jose
12   identified its equipment and, on that basis, denies the factual allegations contained therein.

13   3.   As to paragraph 3, Textron lacks information or belief sufficient to form a belief as
14   to the truth of the allegations concerning R&R Products, Cool Tops, and the installation of said
15   "Cool Tops" Canopy and on that basis, denies all allegations contained therein.

16   4.   As to paragraph 4, Textron is informed and believes that Cool Tops, Inc. is a division
17   of Accu Form Polymers and therefore denies all allegations contained therein.

18   5.   As to paragraph 5, Defendant lacks information or belief sufficient to form a belief
19   as to the truth of the allegations concerning the location of the injury, or any other bases asserted
20   by Plaintiffs to support that the Santa Clara Superior Court was originally the proper court for
21   purposes of jurisdiction, and on that basis, denies each and every allegation contained therein.
22   Defendant contends that this Court is proper for purposes of jurisdiction because of diversity and
23   amount in controversy.

24   6.   As to paragraph 6, the first sentence is a legal contention. Textron lacks information
25   or belief sufficient to form a belief as to the truth of the rest of the allegations and on that basis,
26   denies each and every allegation contained therein.

27   7.   As to paragraph 7, Defendant lacks information or belief sufficient to form a belief

1  as to the truth of the factual allegations and on that basis denies.

2  8.  As to paragraph 8, Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations and on that basis, denies each and every allegation contained therein.

9.  As to paragraph 9, and the first cause of action for Products Liability, Defendant lacks information and belief or belief sufficient to form a belief as to the truth of the allegations therein and therefore denies each and every allegation contained therein. The Jacobsen mower delivered to the City included a ROPS system. (Roll Over Protection System.)

10. As to paragraph 10, Textron admits that six mowers were delivered, but denies the rest.

11. As to paragraph 11, Textron denies.

12. As to paragraph 12, Textron admits.

13. As to paragraph 13, Textron denies.

14. As to paragraph 14, Textron reincorporates by reference its prior responses as though more fully set forth therein.

15. As to paragraph 15, Textron denies.

16. As to paragraph 16, Textron lacks information or belief sufficient to form a belief as to the truth of the rest of the allegations and on that basis, denies each and every allegation contained therein.

17. As to paragraph 17, Textron lacks information or belief sufficient to form a belief as to the truth of the rest of the allegations and on that basis, denies each and every allegation contained therein.

18. As to paragraph 18, Textron lacks information or belief sufficient to form a belief as to the truth of the rest of the allegations and on that basis, denies each and every allegation contained therein.

19. As to paragraph 19, Textron denies.

20. As to paragraph 20, Textron denies.

1  21. As to paragraph 21, Textron denies.

2  22. As to paragraph 22, the allegations relate to legal contentions. Textron asserts the suit is barred by the exclusive remedy doctrine in Workers Compensation because the City of San Jose and Lopez are 100% at fault for the accident and resulting injuries.

5  23. As to paragraph 23, and the second cause of action for negligence, Defendant lacks information or belief sufficient to form a belief as to the truth of the allegations therein and on that basis, denies each and every allegation contained therein.

8  24. As to paragraph 24, Textron reincorporates by reference it's prior responses.

9  25. As to paragraph 25 Textron admits based on plaintiffs' representation.

10  26. As to paragraph 26, Defendant denies.

11  27. As to paragraph 27, Defendant denies.

12  28. As to Prayer for Relief, defendant denies responsibility for damages or any of the relief prayed for therein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### [Failure to State a Claim]

24. This answering Defendant alleges the Complaint and to each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### [Misuse of Product]

25. This answering Defendant alleges that Plaintiff Edward M. Lopez, his employer, the City of San Jose Public Works Department, and Fleet Works, Inc. modified, repaired, and/or misused the Jacobsen riding mower and replaced and modified component parts and such misuse, repairs, and modifications, proximately caused the damages about which Plaintiffs complain.

//
//
//

4933-7719-1776.1

TEXTRON, INC.'S ANSWER TO AMENDED COMPLAINT
CASE NO.: 5:25-CV-01344-NC

**THIRD AFFIRMATIVE DEFENSE**

**[Assumption of Risk]**

26.     This answering Defendant alleges that Plaintiff Edward M. Lopez knew that there was a risk of injury inherent in his use of the Jacobsen riding mower in the course of his employment and voluntarily assumed the risk of harm. Further, Plaintiff Edward Lopez and his employer knew that there was risk of injury inherent in repairing and modifying the canopy and in failing to maintain, repairing and modifying, and abusing the mower, and they voluntarily assumed the risk of harm in this case.

**FOURTH AFFIRMATIVE DEFENSE**

**[No Defect]**

27.     This answering Defendant alleges, on information and belief, that subject Jacobsen riding mower was substantially changed or modified, or was not properly inspected or maintained on a regular basis, and there was no inherent defect in the product as designed, manufactured, or sold by Jacobson.

**FIFTH AFFIRMATIVE DEFENSE**

**[Comparative Fault]**

28.     This answering Defendant alleges that Plaintiffs, the City, Fleetbody Works, Inc., and Cool Tops, Inc., were careless and negligent in and about the matters alleged in the Complaint on file herein and that said carelessness and negligence on their own part contributed as a proximate cause to the happening of the incident and to the injuries, loss and damage complained of herein. Defendant is entitled to have the amount thereof abated, reduced or eliminated to the extent that Plaintiffs', the City's, Fleetbody Work's, Cool Tops', and other third parties' negligence caused or contributed to their injuries, if any.

**SIXTH AFFIRMATIVE DEFENSE**

**[Employer Fault]**

29.     This answering Defendant alleges that Plaintiffs' injuries, if any, were caused in whole or part due to the acts and omissions of Plaintiff Edward Lopez's employer, the City of San

- 5 -

Jose, including but not limited to failing to properly train plaintiff in the proper and safe use of the Jacobsen riding mower, failing to property inspect, maintain, and repair the mower and its component parts, which caused the injury and damage complained of.

### SEVENTH AFFIRMATIVE DEFENSE

### [Fault of Others]

30. This answering Defendant alleges that the injuries alleged by Plaintiffs were either wholly or in part negligently caused by persons, firms, corporations or entities other than this answering Defendant, and that said negligence is either imputed to Plaintiffs by reason of the relationship of said parties to Plaintiffs and/or said negligence comparatively reduces the percentage of negligence, if any, by this answering Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

### [No Direct Right of Action/No Standing]

31. This answering Defendant alleges that to the extent Plaintiff Edward Lopez asserts a direct right of action under Labor Code section 3852, he lacks standing to assert such a claim, which creates no direct right of action to employees or their spouses.

### NINTH AFFIRMATIVE DEFENSE

### [Waiver/Estoppel]

32. This answering Defendant alleges that Plaintiffs have waived and are estopped and barred from alleging the matters set forth in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

33. This answering Defendant alleges that Plaintiffs claims are barred by the equitable doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

### [Due Care]

33. This answering Defendant alleges that Plaintiffs claims are barred because at all times Defendant acted with due care with respect to the conduct alleged in the Complaint, took all

appropriate precautions against foreseeable acts or omissions of other persons or entities and the foreseeable consequences thereof and otherwise conducted itself reasonably under the circumstances.

**TWELFTH AFFIRMATIVE DEFENSE**

**[No Agency]**

34. This answering Defendant alleges that Plaintiffs claims are barred because at all times Defendant acted with due care with respect to the conduct alleged in the Complaint, took all appropriate precautions against foreseeable acts or omissions of other persons or entities and the foreseeable consequences thereof and otherwise conducted itself reasonably under the circumstances.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**[Modification of Product]**

25. This answering Defendant alleges that the City of San Jose and Fleet BodyWorx modified the canopy to such a degree that it became their product. Those modification were the proximate cause of the accident. In that connection, they modified and crafted their own clamps to support the canopy, added weight to the canopy, and caused the accident and resulting injuries.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**[Product Misused]**

26. Textron alleges that the Jacobson mower operated by Lopez was misused, abused, neglected which was the proximate cause of the event and damages.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment in its favor and against the Plaintiffs as follows:

    a. That Plaintiffs take nothing by the Complaint herein;

    b. That Defendant be dismissed;

    c. For costs of suit;

      d.    That the degree of responsibility for damages, if any, be determined and apportioned in proportion to the comparative fault of others, including the Plaintiffs, the City, Cool Tops, Fleetbody Works, and third-parties; and,

      e.    For such other and further relief as the court deems just and equitable.

Dated: August 18, 2025                ROPERS MAJESKI PC

By: */s/ Todd A. Roberts*
TODD A. ROBERTS
ALEXANDRIA C. CARRAHER
HAYDEN W. FREDRICK
Attorneys for Defendant and Cross-Claimant TEXTRON, INC., a corporation.
(also sued erroneously as "JACOBSEN, A TEXTRON COMPANY, a corporation)

## **DEMAND FOR JURY TRIAL**

Defendant and Cross-Claimant TEXTRON, INC. (also sued erroneously as "JACOBSEN, A TEXTRON COMPANY, a corporation) ("Defendant") hereby demands for a jury trial.

Dated: August 18, 2025                ROPERS MAJESKI PC

By: */s/ Todd A. Roberts*
TODD A. ROBERTS
ALEXANDRIA C. CARRAHER
HAYDEN W. FREDRICK
Attorneys for Defendant and Cross-Claimant TEXTRON, INC., a corporation.
(also sued erroneously as "JACOBSEN, A TEXTRON COMPANY, a corporation)