1  JAMES E. SELL, ESQ. (SBN 135935)
   Jsell@tysonmendes.com
2  ROSEMARY McCARTHY, ESQ. (SBN 138514)
   Rmccarthy@tysonmendes.com
3  TYSON & MENDES LLP
4  371 Bel Marin Keys Blvd., Suite 100
   Novato, CA 94949
5  Telephone: (628) 253-5070
   Facsimile: (628) 299-7764
6
7  Attorneys for Defendant and Cross-Defendant,
   ACCU-FORM POLYMERS, INC., doing business as
8  COOL TOPS, INC.

9                  UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 EDWARD M. LOPEZ, individually, CYNTHIA J. LOPEZ, individually, | Case No.: 5:25-cv-01344-NC [*Assigned to the Magistrate Judge Nathanael M. Cousins*] |
| 13 Plaintiffs, | [Santa Clara County Superior Court Action No.: 24CV433969] |
| 14 v. | |
| 15 TEXTRON, INC., a corporation; JACOBSEN, A TEXTRON COMPANY, a corporation, R&R PRODUCTS, INC., a corporation; COOOLTOPS, INC., a corporation; DOES 1-50, et al., | **DEFENDANT AND CROSS-DEFENDANT COOL TOPS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| 16 | |
| 17 | Action Filed: March 27, 2024 |
| 18 Defendants. | |
| 19 | |
| 20 TEXTRON, INC., a corporation, | |
| 21 Cross-Claimant, | |
| 22 v. | |
| 23 FLEET BODYWORX, INC.; COOL TOPS, INC., a division of Accu Form Polymers; and Roes 1-20, inclusive, | |
| 24 | |
| 25 Cross-Defendants. | |

27
28

---

1
DEFENDANT AND CROSS-DEFENDANT COOL TOPS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

Defendant Accu-Form Polymers, Inc. doing business as CoolTops, Inc. ("CoolTops" or "Defendant"), by and through its undersigned counsel, in answer to the First Amended Complaint (ECF No. 18) of Plaintiffs EDWARD M. LOPEZ and CYNTHIA J. LOPEZ ("Plaintiffs"), hereby state as follows:

**PRELIMINARY STATEMENT**

Defendant Accu-Form Polymers, Inc. is a corporate entity that purchased certain assets, including the name "Cool Tops," from a separate and distinct entity, the former Cool Tops, Inc., on April 6, 2022. The product alleged at issued in this lawsuit was sold by the former Cool Tops, Inc. in 2015, prior to Defendant's asset purchase. For purposes of this Answer, Defendant Accu-Form Polymers, Inc. will be referred to as "Defendant CoolTops" and the former entity that sold the assets will be referred to as the "Seller" or "Third-Party Defendants."

## I.     PARTIES

1.     In response to Paragraph 1, Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

2.     In response to Paragraph 2, Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

3.     In response to Paragraph 3, Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

4.     In response to Paragraph 4, Defendant CoolTops admits that Accu-Form Polymers, Inc. is a North Carolina corporation with its principal place of business in Warsaw, North Carolina. Defendant CoolTops denies that it is a manufacturer and supplier of canopies with fans as alleged in the complaint.

5..     In response to Paragraph 5, Defendant CoolTops denies the allegation that the Court is the proper court because the injury occurred to Plaintiff Edward M. Lopez within the CSJ district area. Defendant CoolTops admits that the United States District Court for the Northern District of California is the proper court for this litigation.

6. In response to Paragraph 6, Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

## II. FACTS OF THE INCIDENT

7. In response to Paragraph 7, Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

## FIRST CAUSE OF ACTION – PRODUCTS LIABILITY

8. In response to Paragraph 8, Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

9. In response to Paragraph 9, Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

10. In response to Paragraph 10, Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

11. In response to Paragraph 11, Defendant CoolTops denies the allegations.

12. In response to Paragraph 12, Defendant CoolTops is without sufficient information or belief to admit or deny the allegations that Plaintiff was a foreseeable user and on that basis denies each and every allegation.

13. In response to Paragraph 13, Defendant CoolTops denies the allegations. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

## SECOND CAUSE OF ACTION – NEGLIGENCE

14. In response to Paragraph 14, Defendant CoolTops incorporates and re-alleges its previous admissions and denials as if set forth at length herein.

15. In response to Paragraph 15, Defendant CoolTops denies that it was a legal and proximate cause of any damages. Defendant CoolTops is without sufficient information or belief to admit or deny the remaining allegations and on that basis denies each and every allegation.

16. In response to Paragraph 16, Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

17. In response to Paragraph 17, Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

18. In response to Paragraph 18, Defendant CoolTops denies that it was a manufacturer, designer, or seller of the subject product and denies that its conduct caused the injuries alleged. Defendant CoolTops is without sufficient information or belief to admit or deny the remaining allegations and on that basis denies each and every allegation.

19. In response to Paragraph 19, Defendant CoolTops denies the allegations.

20. In response to Paragraph 20, Defendant CoolTops denies the allegations.

21. In response to Paragraph 21, Defendant CoolTops denies the allegations.

22. In response to Paragraph 22, Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

### THIRD CAUSE OF ACTION – LOSS OF CONSORTIUM

23. In response to Paragraph 23, Defendant CoolTops denies that it was a legal and proximate cause of any damages. Defendant CoolTops is without sufficient information or belief to admit or deny the remaining allegations and on that basis denies each and every allegation.

24. In response to Paragraph 24, Defendant CoolTops incorporates and re-alleges its previous admissions and denials as if set forth at length herein.

25. In response to Paragraph 25, Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

26. In response to Paragraph 26, Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every

allegation.

27. In response to Paragraph 27, Defendant CoolTops denies the allegations.

## PRAYER FOR RELIEF

28. Defendant CoolTops denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

## SEPARATE AFFIRMATIVE DEFENSES

29. Defendant CoolTops does not admit the allegations in the First Amended Complaint by stating the following affirmative defenses. Defendant CoolTops reserves the right to plead and assert additional or different defenses as discovery progresses.

## FIRST AFFIRMATIVE DEFENSE

### [Failure to State a Claim]

30. Plaintiffs' First Amended Complaint, and each purported cause of action contained therein, fails to set forth facts sufficient to constitute a cause of action against Defendant CoolTops.

## SECOND AFFIRMATIVE DEFENSE

### [No Successor Liability]

31. Defendant Accu-Form Polymers, Inc. is a successor in interest to the assets, not the liabilities, of the former Cool Tops, Inc., which designed, manufactured, and/or sold the product at issue in 2015. The transaction was an asset purchase, which expressly provided that Defendant Accu-Form Polymers, Inc. did not assume any of the liabilities related to products sold by the prior company. None of the exceptions to this rule—including de facto merger, mere continuation, or an intent to defraud—apply to the transaction between Defendant and the former Cool Tops, Inc.

## THIRD AFFIRMATIVE DEFENSE

### [Statutory Immunity]

32. Defendant is immune from liability under applicable statutory and common law.

## FOURTH AFFIRMATIVE DEFENSE

### [Comparative Fault]

33. To the extent any damages were sustained by Plaintiffs, which Defendant denies, such damages were proximately caused by the negligence, fault, or carelessness of Plaintiffs and/or third parties, including but not limited to the manufacturer of the mower and any third-party repair shops. Any damages awarded to Plaintiffs should be reduced in proportion to the fault of such parties.

## FIFTH AFFIRMATIVE DEFENSE

### [Assumption of Risk]

34. To the extent that Plaintiffs were injured, such injuries and/or damages were caused by the Plaintiffs' knowing, willing, and voluntary assumption of the risks inherent in the use and/or operation of the subject product.

## SIXTH AFFIRMATIVE DEFENSE

### [Failure to Mitigate]

35. Plaintiffs' claims are barred or limited to the extent that they failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

### [Express Indemnity]

36. To the extent that Defendant CoolTops is found to be liable to Plaintiffs, which it denies, the former Cool Tops, Inc. and its shareholder, William Charles Russ, are contractually obligated to defend and indemnify Defendant CoolTops for any and all losses under the terms of the Asset Purchase Agreement.

## EIGHTH AFFIRMATIVE DEFENSE

### [Reservation of Defenses]

37. Defendant CoolTops reserves the right to assert any and all additional affirmative defenses in the event discovery indicates it would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant CoolTops prays for judgment as follows:

1. That Plaintiffs take nothing by virtue of their First Amended Complaint.

2. That Plaintiffs' First Amended Complaint be dismissed with prejudice and in its entirety.

3. That Defendant CoolTops be awarded its costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendant demands a trial by jury on all claims so triable.

Dated: September 29, 2025                            TYSON & MENDES LLP

By: _____
JAMES E. SELL
ROSEMARY McCARTHY
Attorneys for Defendant and Cross-Defendant ACCU-FORM POLYMERS, INC. doing business as COOLTOPS, INC.

*Edward Lopez and Cynthia Lopez v. Textron, Inc.*
US District Court Northern District Case No.: 25-cv-01344 NC

# PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of Marin, California, over the age of eighteen years, and not a party to the within cause. My business address is 371 Bel Marin Keys Blvd., Suite 100, Novato, CA 94949. I served the within:

**PARTIES SERVED: SEE ATTACHED SERVICE LIST**

___  **BY MAIL:** on the parties in said cause, by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Novato, California, as addressed on the service list.

 **X**  **BY ELECTRONIC TRANSMISSION ONLY.** Based on court e-filing rules, a court order, or an agreement of the parties to accept electronic service, I: electronically served the documents to be sent from email address kcollier@tysonmendes.com on the person[s] at the electronic service address[es] as indicated.

I certify and declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on September 29, 2025, at San Francisco, California.

_____
Karen Collier

*Edward Lopez and Cynthia Lopez v. Textron, Inc.*
US District Court Northern District Case No.: 25-cv-01344 NC

# SERVICE LIST

*Attorney for Plaintiffs*

John C. Stein
THE BOCCARDO LAW FIRM
84 W. Santa Clara Street, Suite 700
San Jose, CA 95113
T: 408-298-5678
jstein@boccardo.com

David H.S. Commins
Justin Chou
COMMINS, KNUDSEN & CHOU, P.C.
492 9th Street, Suite 200
Oakland, CA 94607
T: 510-823-2208
david@commins.com
justin@commins.com

*Attorneys for Defendant Textron, Inc.*

Todd A. Roberts
Alexandria C. Carraher
Isabella S. Godinho
ROPERS MAJESKI, PC
535 Middlefield Road, Suite 245
Menlo Park, CA 94025
T: 650-364-8200
Todd.roberts@ropers.com
Alexandria.carraher@ropers.com
Isabella.godino@ropers.com