JAMES E. SELL, ESQ. (SBN 135935)
Jsell@tysonmendes.com
ROSEMARY McCARTHY, ESQ. (SBN 138514)
Rmccarthy@tysonmendes.com
TYSON & MENDES LLP
371 Bel Marin Keys Blvd., Suite 100
Novato, CA 94949
Telephone: (628) 253-5070
Facsimile: (628) 299-7764

Attorneys for Defendant and Cross-Defendant,
ACCU-FORM POLYMERS, INC., doing business as
COOL TOPS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD M. LOPEZ, individually, CYNTHIA J. LOPEZ, individually,<br><br>Plaintiffs,<br><br>v.<br><br>TEXTRON, INC., a corporation; JACOBSEN, A TEXTRON COMPANY, a corporation, R&R PRODUCTS, INC., a corporation; COOLTOPS, INC., a corporation; DOES 1-50, et al.,<br><br>Defendants. | Case No.: 5:25-cv-01344-NC<br>[*Assigned to the Magistrate Judge Nathanael M. Cousins*]<br><br>[Santa Clara County Superior Court Action No.: 24CV433969]<br><br>**DEFENDANT AND CROSS-DEFENDANT COOL TOPS' ANSWER TO TEXTRON'S CROSS-CLAIM**<br><br>Action Filed:  March 27, 2024 |
| TEXTRON, INC., a corporation,<br><br>Cross-Claimant,<br><br>v.<br><br>FLEET BODYWORX, INC.; COOL TOPS, INC., a division of Accu Form Polymers; and Roes 1-20, inclusive,<br><br>Cross-Defendants. | |

Cross-Defendant Accu-Form Polymers, Inc. doing business as CoolTops, Inc. ("CoolTops" or "Cross-Defendant"), by and through its undersigned counsel, hereby

answers the Cross-Claim (ECF No. 19) of Defendant and Cross-Claimant TEXTRON, INC. ("Textron"), hereby state as follows:

## PRELIMINARY STATEMENT

Cross-Defendant Accu-Form Polymers, Inc. is a corporate entity that purchased certain assets, including the name "Cool Tops," from a separate and distinct entity, the former Cool Tops, Inc., on April 6, 2022. The product alleged at issued in this lawsuit was sold by the former Cool Tops, Inc. in 2015, prior to Defendant's asset purchase. For purposes of this Answer, Cross-Defendant Accu-Form Polymers, Inc. will be referred to as "Cross-Defendant CoolTops" and the former entity that sold the assets will be referred to as the "Seller" or "Third-Party Defendants."

## JURISDICTION

1. In response to Paragraph 35, Cross-Defendant CoolTops admits that this Court has supplemental jurisdiction over the cross-claim.

## PARTIES

2. In response to Paragraph 36, Cross-Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

3. In response to Paragraph 37, Cross-Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

4. In response to Paragraph 38, Cross-Defendant CoolTops admits that it is a division of Accu-Form Polymers, Inc. and is a North Carolina corporation. Cross-Defendant CoolTops denies that it was at all times mentioned in the Complaint doing business in the State of California, County of Santa Clara, and denies the remaining allegations.

5.. In response to Paragraph 39, Cross-Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

6. In response to Paragraph 40, Cross-Defendant CoolTops denies the allegations.

## FIRST CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNITY

7. In response to Paragraph 41, Cross-Defendant CoolTops incorporates and re-alleges its previous admissions and denials as if set forth at length herein.

8. In response to Paragraph 42, Cross-Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

9. In response to Paragraph 43, Cross-Defendant CoolTops denies the allegations.

10. In response to Paragraph 44, Cross-Defendant CoolTops denies the allegations.

11. In response to Paragraph 45, Cross-Defendant CoolTops is without sufficient information or belief to admit or deny the allegations and on that basis denies each and every allegation.

12. In response to Paragraph 46, Cross-Defendant CoolTops denies the allegations.

13. Cross-Defendant CoolTops denies the allegations that Cross-Claimant is entitled to any of the relief requested in the Prayer.

## SEPARATE AFFIRMATIVE DEFENSES

14. Cross-Defendant CoolTops does not admit the allegations in the Cross-Claim by stating the following affirmative defenses. Cross-Defendant CoolTops reserves the right to plead and assert additional or different defenses as discovery progresses.

## FIRST AFFIRMATIVE DEFENSE

### [Failure to State a Claim]

15. Textron's Cross-Claim, and each purported cause of action contained therein, fails to set forth facts sufficient to constitute a cause of action against Cross-Defendant CoolTops.

## SECOND AFFIRMATIVE DEFENSE

### [No Successor Liability]

16. Defendant Accu-Form Polymers, Inc. is a successor in interest to the assets, not the liabilities, of the former Cool Tops, Inc., which designed, manufactured, and/or sold the

product at issue in 2015. The transaction was an asset purchase, which expressly provided that Defendant Accu-Form Polymers, Inc. did not assume any of the liabilities related to products sold by the prior company. None of the exceptions to this rule—including de facto merger, mere continuation, or an intent to defraud—apply to the transaction between Cross-Defendant and the former Cool Tops, Inc.

### THIRD AFFIRMATIVE DEFENSE

### [Comparative Fault]

17. To the extent any damages were sustained by Plaintiffs, which Defendant denies, such damages were proximately caused by the negligence, fault, or carelessness of Plaintiffs and/or third parties, including but not limited to the manufacturer of the mower and any third-party repair shops. Any damages awarded to Plaintiffs should be reduced in proportion to the fault of such parties.

### FOURTH AFFIRMATIVE DEFENSE

### [Assumption of Risk]

18. To the extent that Plaintiffs were injured, such injuries and/or damages were caused by the Plaintiffs' knowing, willing, and voluntary assumption of the risks inherent in the use and/or operation of the subject product.

### FIFTH AFFIRMATIVE DEFENSE

### [Express Indemnity]

19. To the extent that Defendant CoolTops is found to be liable to Textron for contribution or indemnity, which it denies, the former Cool Tops, Inc. and its shareholder, William Charles Russ, are contractually obligated to defend and indemnify Defendant CoolTops for any and all losses under the terms of the Asset Purchase Agreement.

### EIGHTH AFFIRMATIVE DEFENSE

### [Reservation of Defenses]

37. Defendant CoolTops reserves the right to assert any and all additional affirmative defenses in the event discovery indicates it would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Cross-Defendant CoolTops prays for judgment as follows:

1. That Textron, Inc. take nothing by virtue of its Cross-Claim;

2. That Textron's Cross-Claim be dismissed with prejudice and in its entirety;

3. That Cross-Defendant CoolTops be awarded its costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Defendant demands a trial by jury on all claims so triable.

Dated: September 29, 2025

TYSON & MENDES LLP

By: _____
JAMES E. SELL
ROSEMARY McCARTHY
Attorneys for Defendant and Cross-Defendant ACCU-FORM POLYMERS, INC. doing business as COOLTOPS, INC.

*Edward Lopez and Cynthia Lopez v. Textron, Inc.*
US District Court Northern District Case No.: 25-cv-01344 NC

# PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of Marin, California, over the age of eighteen years, and not a party to the within cause. My business address is 371 Bel Marin Keys Blvd., Suite 100, Novato, CA 94949. I served the within:

**DEFENDANT AND CROSS-DEFENDANT COOL TOPS' ANSWER TO TEXTRON'S CROSS-CLAIM**

**PARTIES SERVED: SEE ATTACHED SERVICE LIST**

___   **BY MAIL:** on the parties in said cause, by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Novato, California, as addressed on the service list.

_X_   **BY ELECTRONIC TRANSMISSION ONLY.** Based on court e-filing rules, a court order, or an agreement of the parties to accept electronic service, I: electronically served the documents to be sent from email address kcollier@tysonmendes.com on the person[s] at the electronic service address[es] as indicated.

I certify and declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on September 29, 2025, at San Francisco, California.

*Karen Collier*

Karen Collier

*Edward Lopez and Cynthia Lopez v. Textron, Inc.*
US District Court Northern District Case No.: 25-cv-01344 NC

# SERVICE LIST

*Attorney for Plaintiffs*

John C. Stein
THE BOCCARDO LAW FIRM
84 W. Santa Clara Street, Suite 700
San Jose, CA 95113
T: 408-298-5678
jstein@boccardo.com

David H.S. Commins
Justin Chou
COMMINS, KNUDSEN & CHOU, P.C.
492 9th Street, Suite 200
Oakland, CA 94607
T: 510-823-2208
david@commins.com
justin@commins.com

*Attorneys for Defendant Textron, Inc.*

Todd A. Roberts
Alexandria C. Carraher
Isabella S. Godinho
ROPERS MAJESKI, PC
535 Middlefield Road, Suite 245
Menlo Park, CA 94025
T: 650-364-8200
Todd.roberts@ropers.com
Alexandria.carraher@ropers.com
Isabella.godino@ropers.com