Todd A. Jones (Bar No. 198024)
tjones@mvjllp.com
Kimberly M. Stoica (Bar No. 337303)
kstoica@mvjllp.com
MOKRI VANIS & JONES, LLP
3620 American River Drive, Suite 218
Sacramento, CA 95864
Telephone:   916.306.0434
Facsimile:   949.226.7150

Attorneys for Cross-Defendant FLEET BODYWORX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD M. LOPEZ, individually, CYNTHIA J. LOPEZ, individually,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TEXTRON, INC., a corporation; JACOBSEN, A TEXTRON COMPANY, a corporation, and DOES 1 to 50,<br><br>　　　　　Defendants.<br><br>TEXTRON, INC., a corporation,<br><br>　　　　　Cross-Claimant,<br><br>　v.<br><br>FLEET BODYWORX, INC.; COOL TOPS, INC., a division of Accu Form Polymers; and Roes 1-20, inclusive,<br><br>　　　　　Cross-Defendants. | Case No.: 5:25-cv-01344-NC<br>*[Assigned to the Magistrate Judge Nathanael M. Cousins]*<br><br>[Santa Clara County Superior Court Action No. 24CV433969]<br><br>**CROSS-DEFENDANT FLEET BODYWORX, INC.'S ANSWER TO CROSS-CLAIMANT TEXTRON, INC.'S CROSS-CLAIM**<br><br>Complaint Filed: March 27, 2024 |

　　　　Cross-Defendant FLEET BODYWORX, INC. ("**Fleet**" or "**Cross-Defendant**") hereby submits its Answer to the Cross-Claim filed by TEXTRON, INC. ("**Textron**" or "**Cross-Complainant**"). As to each paragraph, Fleet admits, denies, or alleges as follows:

///

1. Fleet is without sufficient information to admit or deny the allegations of jurisdiction in Paragraph 35 of the Cross-Claim and therefore denies them on that basis.

2. Fleet lacks sufficient information to admit or deny the allegations concerning TEXTRON, INC. in Paragraph 36 of the Cross-Claim and therefore denies them on that basis.

3. Fleet admits the allegations in Paragraph 37 of the Cross-Claim that FLEET BODYWORX, INC. is a California corporation doing business in Santa Clara County, California.

4. Fleet lacks sufficient information to admit or deny the allegations concerning COOL TOPS, INC. in Paragraph 38 of the Cross-Claim and therefore denies them on that basis.

5. Fleet lacks sufficient information to admit or deny the allegations concerning fictitiously named parties in Paragraph 39 of the Cross-Claim and therefore denies them on that basis.

6. Fleet denies the allegations in Paragraph 40 of the Cross-Claim.

7. Fleet denies the allegations in Paragraph 41 of the Cross-Claim.

8. Fleet lacks sufficient information to admit or deny the allegations in Paragraph 42 of the Cross-Claim and therefore denies them on that basis.

9. Fleet denies the allegations in Paragraph 43 of the Cross-Claim.

10. Fleet denies the allegations in Paragraph 44 of the Cross-Claim.

11. Fleet denies the allegations in Paragraph 45 of the Cross-Claim.

12. Fleet denies the allegations in Paragraph 46 of the Cross-Claim.

Except as expressly admitted above, Fleet denies generally and specifically each and every remaining allegation of the Cross-Claim.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Fleet asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Cross-Claim filed herein and each purported cause of action alleged therein fails to allege facts sufficient to constitute a valid cause of action against Fleet.

///

///

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Fleet alleges that Textron's Cross-Claim is barred in whole or in part by applicable statutes of limitations, including but not limited to those set forth in the California Code of Civil Procedure and other applicable law.

**THIRD AFFIRMATIVE DEFENSE**

**(Good Faith)**

Fleet alleges that Textron's Cross-Claim was not brought in good faith or with reasonable cause. In the event Fleet is granted summary judgment, judgment on the pleadings, or dismissal from the Cross-Claim, Fleet requests recovery of its costs of defense reasonably and necessarily incurred in defending against Textron's Cross- Claim.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Fleet alleges that Plaintiffs and/or Cross-Claimant, though under a duty to do so, failed and neglected to mitigate their alleged damages and therefore, cannot recover against this answering Cross-Defendant, whether as alleged, or otherwise.

**FIFTH AFFIRMATIVE DEFENSE**

**(Negligence of Others)**

Fleet alleges that the damages alleged by Plaintiffs, Cross-Complainant, and Cross-Claimants if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than Fleet, including but not limited to Plaintiffs, Cross-Complainant, and Cross-Claimants themselves, the City of San Jose, Textron, Cool Tops, and Does 1–20. The liability of Fleet, if any, is limited in direct proportion to the percentage of fault actually attributable to Fleet.

**SIXTH AFFIRMATIVE DEFENSE**

**(Contributory Fault)**

Fleet alleges that Plaintiffs, Cross-Complainant, Cross-Claimants, and/or others so carelessly, recklessly, and negligently conducted themselves as to cause and contribute in some way to the alleged damages, if any, alleged to have been sustained. As a consequence of such active negligence, any

recovery sought against Fleet is barred and/or should be diminished to the extent that such damages were proximately caused by the negligence or other legal fault of Plaintiffs, Cross-Complainant, Cross-Claimants and/or others.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Fleet alleges that Plaintiffs, Cross-Complainant, Cross-Claimants, and/or others engaged in conduct and activities with respect to the subject matter of this action, and by reason of said conduct, Plaintiffs, Cross-Complainant, and Cross-Claimants are estopped from asserting claims for damages, indemnity, contribution, or any other relief against Fleet.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Fleet alleges that Plaintiffs, Cross-Complainant, Cross-Claimants and/or others engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or other conduct, if any, as alleged in the Cross-Claim all thank a lines is good seats but as a matter.

## NINTH AFFIRMATIVE DEFENSE

### (Superseding and Intervening Cause)

Fleet alleges that the damage of which Plaintiffs, Cross-Complainant, Cross-Claimants and/or others complaints were proximately caused by or contributed to by the independent, superseding acts of other defendants, cross-defendants, persons and/or other entities, not Fleet, thus barring Plaintiff, Cross-Complainant, and/or Cross-Claimants from any recovery against this answering Cross-Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Active and Primary Liability)

Fleet alleges that the conduct of Plaintiffs, Cross-Complainant, Cross-Claimants and/or others was active and primary in nature and therefore precludes any recovery for indemnity, contribution, or damages against Fleet.

///

///

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Fleet alleges that the injuries, if any, allegedly suffered by Plaintiffs, Cross-Complainant, Cross-Claimants and/or others were proximately caused and contributed to by the negligence of third parties (not this answering Cross-Defendant) and said third parties failed to exercise reasonable care at and prior to the time of said damages, and by reason thereof, any recovery by Plaintiffs, Cross-Complainant and/or Cross-Claimants against this answering Defendant must be reduced by an amount equal to the proportionate fault of said third parties.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Acts)

Fleet alleges that the claims in the Cross-Claim are barred by the independent, intervening, and superseding acts of Plaintiffs, Cross-Complainant, Cross-Claimants, the City of San Jose, Cool Tops, and/or other parties, which acts were the sole and proximate cause of the alleged injuries and damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Allocation of Fault)

Fleet requests that the Court apportion liability among all responsible parties, including Textron, Cool Tops, the City of San Jose, and Roes 1–20, and determine the proportionate share of fault, and all persons or entities not a party to the action, in order that proportionate shares of liability, if any there may be, can be allocated.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Misuse and Improper Maintenance)

Fleet alleges that persons or entities other than Fleet, including Plaintiffs, Cross-Complainant, Cross-Claimants, the City of San Jose, Cool Tops, and/or others, misused and/or failed to properly maintain or repair the mower and canopy that are the subject of this action, thereby causing or contributing to the damages, if any, alleged in the Cross-Claim.

///

///

///

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Alteration)**

Fleet alleges that persons or entitles other than Fleet, without the knowledge or consent of Fleet, altered, modified, reinstalled, or misused the mower and canopy at issue to the extent that any alleged damages were solely and proximately caused by such alteration.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Employer Fault)**

Fleet alleges that Plaintiffs, Cross-Complainants, Cross-Claimants and/or others alleged injuries were caused in whole or in part by their employer, the City of San Jose, including negligent training, supervision, and equipment maintenance.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Fleet alleges that Plaintiffs, Cross-Complainants, Cross-Claimants and/or others knowingly assumed the risks inherent in operating the mower and canopy.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusivity)**

Fleet alleges that Plaintiffs, Cross-Complainants and/or Cross-Claimants' claims are barred, in whole or in part, by California's Worker's Compensation exclusivity provisions.

**NINTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Fleet alleges that Textron's Cross-Claim, is barred by the doctrine of unclean hands.

**TWENTITH AFFIRMATIVE DEFENSE**

**(Due Care)**

Fleet alleges that at all times, Fleet acted with due care and in a reasonable manner under the circumstances.

///

///

///

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Fleet reserves the right to assert additional affirmative defenses as they become known through discovery.

### **PRAYER FOR RELIEF**

WHEREFORE, Fleet prays for judgment in its favor as follows:

1. That Textron take nothing by its Cross-Claim;
2. That the Cross-Claim be dismissed with prejudice;
3. For attorneys' fees incurred in connection with this matter as permitted by law or contract;
4. For the costs and expenses incurred in connection with this matter; and
4. For such other relief as the Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

Fleet demands a trial by jury on all issues so triable.

Dated: October 3, 2025

MOKRI VANIS & JONES, LLP

_____
Todd A. Jones
Kimberly M. Stoica
Attorneys for Cross-Defendant FLEET BODYWORX, INC.

FLEET BODYWORX, INC.'S ANSWER TO CROSS-CLAIM

# PROOF OF SERVICE

**Lopez, et al. v. Textron, Inc., et al.**
**United States District Court Northern District of California Case No. 5:25-cv-01344-NC**

I, the undersigned, declare that I am over the age of eighteen years and not a party to this action or proceeding. My business address is 3620 American River Drive, Suite 218, Sacramento, CA 95864. On the date indicated below, I caused the following document(s) to be served:

**CROSS-DEFENDANT FLEET BODYWORX, INC.'S ANSWER TO CROSS-CLAIMANT TEXTRON, INC.'S CROSS-CLAIM**

☐ by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

☐ by having a true copy of the document(s) listed above transmitted by facsimile to the person(s) at the facsimile number(s) set forth below before 5:00 p.m. The transmission was reported as complete without error by a report issued by the transmitting facsimile machine.

☐ by causing personal delivery of the document(s) listed above to the person(s) set forth on the date indicated below, see attached service list.

☐ by placing a true copy of the document(s) listed above, in a box or other facility regularly maintained by Federal Express (FedEx), an express service carrier, or delivered to a courier or driver authorized by the express service carrier to receive documents, in an envelope designated by the express service carrier, with delivery fees paid or provided for, addressed as set forth below.

☒ BY COURT CM/ECF NOTICE: I electronically filed the above referenced document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users and will be served electronically by the CM/ECF system. (F.R.C.P. rule 5(b)(2)(E), USDC-ND Local Rule 5-1(d)1.)

☐ BY ELECTRONIC TRANSMISSION ONLY: Based on an agreement of the parties to accept service by electronic transmission, and in compliance with C.C.P. §§ 1010.6(2)(A)(ii) and 1010.6(e)(1), I caused the documents to be electronically sent to the persons on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 3, 2025, at Sacramento, California.

_____
Heather Bowmer

FLEET BODYWORX, INC.'S ANSWER TO CROSS-CLAIM

**SERVICE LIST**

| | |
|---|---|
| John C. Stein<br>THE BOCCARDO LAW FIRM, INC.<br>111 West St. John Street, Suite 400<br>San Jose, CA 95113 | **Attorneys for Plaintiffs EDWARD M. LOPEZ and CYNTHIA J. LOPEZ**<br><br>T: 408.298.5678<br>F: 408.298.7503<br>E: jstein@boccardo.com |
| Todd A. Roberts<br>Alexandria C. Carraher<br>Hayden W. Fredrick<br>ROPERS MAJESKI PC<br>535 Middlefield Road, Suite 245<br>Menlo Park, CA 94025 | **Attorneys for Defendant/Cross-Claimant TEXTRON, INC.**<br><br>T: 650.364.8200<br>F: 650.780.1701<br>E: todd.roberts@ropers.com<br>alexandria.carraher@ropers.com<br>hayden.fredrick@ropers.com |

FLEET BODYWORX, INC.'S ANSWER TO CROSS-CLAIM